IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARVIN DEUANE NAYLOR                                              PETITIONER

VERSUS                                   CIVIL ACTION NO. 3:17-cv-760-WHB-JCG

BILLIE SOLLIE, et al.                                            RESPONDENTS

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This cause is before the Court, sua sponte, for consideration of dismissal. Petitioner Marvin Deuane Naylor is presently incarcerated at the Lauderdale County Detention Facility, Meridian, Mississippi. Pet. [1] at 1. The Court, having considered his pro se habeas petition, amended petition [7], and the relevant authorities, finds that it should be dismissed for the reasons that follow.

I.   Factual Background

Petitioner is challenging his current incarceration based on five criminal charges, case numbers: 204-16, 264-16, 261-16, 262-16, and 263-16, that are pending against him in Lauderdale County, Mississippi. *See* Pet. [1] at 2. As ground for habeas relief, Petitioner claims that the confidential informant is unreliable. *Id*. at 6-7. Petitioner further states that his constitutional rights have been violated because Petitioner has been subjected to an illegal search and search. *Id*. at 6. Additionally, Petitioner claims that his constitutional rights of due process and the right to a speedy trial have been violated. *Id*. As relief, Petitioner requests that the Court

> [i]nvestigate said charges[,] challenge search & seizure, due to the fact that property was not and is not Def.['s][.] Also[,] challenge credibility of confidential informant due to the fact he has caught other felon[ies] including[,] introduction of contraband in Kemper County Detention Facility where he no[w] resides. Also[,] sup[p]ress evidence[] obtained by him [the confidential informant].

*Id*. at 8.

II. <u>Analysis</u>

While a pre-trial detainee like Petitioner has the right to seek federal habeas relief, the availability of such relief is not without limits. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 488-89 (1973). "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id.* at 489 (citing *Ex parte Royall*, 117 U.S. 241, 253 (1886)). Furthermore, a petitioner is not permitted to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493.

The United States Supreme Court has drawn a distinction between a pre-trial petitioner seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" and a petitioner seeking only to enforce the state's obligation to bring him promptly to trial. *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (citing *Braden*, 410 U.S. at 489-90; *Smith v. Hooey*, 393 U.S. 374 (1969)). The Fifth Circuit has held that the distinction is based on the type of relief requested by the petitioner. *Id.* If the petitioner is seeking to prevent prosecution of the cases, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Id.* However, if the petitioner is attempting to "force the state to go to trial," then he is merely seeking to force the state to fulfill its obligation to provide petitioner with a prompt trial. *Id.* The former objective is generally not attainable through federal habeas corpus; the latter is. *Id.*

Here, in liberally construing Petitioner's request for relief, the Court finds that Petitioner seeks the dismissal of his state criminal charges, and is therefore, attempting "to abort a state

proceeding or to disrupt the orderly functioning of state judicial processes" which is not available through federal habeas corpus. *See Dickerson v. State of La.*, 816 F.2d 220, 226 (5th Cir.1987) (quoting *Brown*, 530 F.2d at 1283). Thus, Petitioner cannot maintain these claims in a request for federal habeas relief.

Additionally, to the extent Petitioner's claims can be construed as a request to force the State of Mississippi to bring him to trial, he is required to exhaust his claims in state court prior to pursuing a federal habeas corpus petition. *See Dickerson*, 816 F.2d at 228. The exhaustion requirement gives "the State the 'opportunity to pass upon and correct' alleged violations of its prisoner's federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). In order to satisfy the exhaustion requirement, Petitioner must present his claims to the state's highest court in a procedurally proper manner. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 839-840 (1999).

The State of Mississippi provides available remedies for a criminal defendant to assert that his constitutional right to a speedy trial has been violated. *See e.g., Reed v. State*, 31 So. 3d 48, 56-57 (Miss. Ct. App. 2009) (finding criminal defendant may assert a demand for a speedy trial in the trial court and then he is required to obtain a pretrial ruling on that motion). Petitioner has failed to demonstrate that he has exhausted his state-court remedies for the claims presented in this Petition. *See Dickerson*, 816 F.2d at 228 (finding inmate's numerous preindictment motions in the state court requesting that he be tried as soon as possible did not satisfy exhaustion of speedy trial issue for federal habeas petition). Furthermore, Petitioner does not identify any special circumstances necessitating federal court intervene or disruption of the state's judicial process. Petitioner's claims can be resolved by a trial on the merits in state court or by other procedures of the state court system. To allow Petitioner to "assert an affirmative

3

defense" to his pending charges prior to a judgment of conviction by the state court "would short circuit the judicial machinery of the state courts." *Brown*, 530 F.2d at 1283 (internal quotation marks omitted) (citing *Braden*, 410 U.S. at 490). The Court concludes that pre-trial habeas corpus relief is unwarranted. *See id.*; *Dickerson*, 816 F.2d at 227. Petitioner's request for habeas relief pursuant to § 2241 is denied.

III. Conclusion

The Court has considered the pleadings and applicable law. For the reasons stated, this pro se Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 is denied. A final Judgment in accordance with this Memorandum Opinion and Order of Dismissal will be entered.

SO ORDERED, this the 21st day of December, 2017.

s/William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE